UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARM MEINTS,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

Case No. C05-5033RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**August 26th, 2005**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion to dismiss for failure to state a claim. The defendants argue this action is barred by a running of the statute of limitations. (Dkt. # 8).

    No response was filed. Having reviewed defendants motion the court agrees this action is time barred. Accordingly the undersigned recommends that this action be **DISMISSED.**

FACTS

    Plaintiff was an inmate. Plaintiff was released by the Washington State Department of Corrections on December 12th, 2000. He alleges he was held past his earned early release date. This

REPORT AND RECOMMENDATION - 1

1  action was not filed until January 14th, 2005.

## DISCUSSION

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a states personal injury statute. In Washington a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). Plaintiff was first aware he was being held past his earned early release when he was not released. He could not file a civil rights action at that time as he would have been challenging fact or duration of confinement. Heck v. Humphrey, 512 U.S. 477 (1994). The alleged violation was ongoing until December 12th, 2000 when he was released. This was when his alleged injury manifest as plaintiff could file an action claiming damages for allegedly holding him past his release date. Plaintiff had until December 12th, 2003 to file an action. This action was commenced on January 14th, 2005. (Dkt. # 1). The statue of limitation had run over 13 months earlier.

A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

Plaintiff failed to file within the three year time period. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE.**

## CONCLUSION

For the reasons outlined above the undersigned recommends **DISMISSAL WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 2

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 26th, 2005**, as noted in the caption.

DATED this 5th day of August, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3